UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| SUMMA ENGINEERING, INC., | ) |                          |
|---|---|---|
|       Plaintiff, | ) |                          |
| v. | ) | Case No. CIV-19-227-G |
| TODD HURD et al., | ) |                          |
|       Defendants. | ) |                          |

### ORDER

Now before the Court is Plaintiff's Motion to Remand (Doc. No. 2). Defendants have responded in opposition to the Motion (Doc. No. 4), and Plaintiff has replied (Doc. No. 6). Based on the case record, the parties' arguments, and the governing law, Plaintiff's Motion will be granted.

*I. Background*

Plaintiff initially filed this action on November 8, 2017, in the District Court of Grant County, Oklahoma, seeking to pierce the corporate veil of two limited liability companies (Venus Energy, LLC, or "Venus," and Blue Mesa Properties, LLC, or "Blue Mesa"). Specifically, Plaintiff—invoking two prior judgments entered against those companies—seeks to enforce the judgments against, and collect monies from, Defendant Todd Hurd as an alter ego of Venus and Defendants Leon Goble and Shannon Goble as alter egos of Blue Mesa. *See* Pet. (Doc. No. 1-2).

On March 8, 2019, Defendants removed this action to this Court on the basis of diversity jurisdiction, contending that Plaintiff is a citizen of Oklahoma and all Defendants

are citizens of Texas for diversity purposes. *See* Defs.' Notice of Removal (Doc. No. 1). On April 3, 2019, Plaintiff filed its Motion to Remand, alleging that the statutory amount-in-controversy requirement is not met.[1]

II.  *Removal and Diversity Jurisdiction Under 28 U.S.C. § 1332(a)*

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, 28 U.S.C. § 1441(a) authorizes a defendant to remove the action "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). "[A]ll doubts are to be resolved against removal." *Fajen v. Fndn. Res. Ins. Co., Inc.*, 683 F.2d 331, 333 10th Cir. 1982).

The party invoking diversity jurisdiction—here, Defendants—"bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance—not the legal conclusion that the statutory threshold amount is in controversy."). Subject-matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition

---

[1] Because the Court finds that it lacks subject-matter jurisdiction over this case, it need not address Plaintiff's alternative argument that the removal was defective due to being untimely under 28 U.S.C. § 1446(c)(1).

to diversity of citizenship, that "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to certain statutory exceptions. 28 U.S.C. § 1446(c)(2).

III. *Discussion*

In the state-court Petition, Plaintiff seeks judgment against Defendant Hurd in the amount of $144,933.23, plus interest, and judgment against Defendants Leon Goble and Shannon Goble in the amount of $43,171.59, plus interest. Pet. at 5. The parties agree that these claims, which seek to recover on prior judgments that were several in nature, may not be aggregated to meet the amount-in-controversy requirement. *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994) ("Every separate and distinct claim must individually meet the amount in controversy."); *see also Elliott Ind. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1105 (10th Cir. 2005). The parties also agree that Plaintiff's claim against Defendant Hurd satisfies the amount-in-controversy requirement.

The parties disagree as to Plaintiff's claim against the Goble Defendants, however. Plaintiff seeks remand on the basis that "the sum demanded in good faith" against the Goble Defendants in the Petition was only $43,171.59, and so the § 1332(a) requirement of an amount in controversy exceeding $75,000 is not met. Defendants resist remand for several reasons. The Court addresses each of Defendants' objections in turn.

First, Defendants argue that the amount sought by Plaintiff includes the interest that was awarded and is accruing on the underlying state-court judgments (although not the

3

interest that might be awarded in this federal-court proceeding, *see* 28 U.S.C. § 1332(a)). Plaintiff does not dispute this contention but correctly points out that, even assuming Defendants' interest calculations are accurate, the total judgment up to the date of removal is only $50,820.88, or possibly $58,273.64—either of which is still considerably below the $75,000 jurisdictional minimum. *See* Defs.' Resp. at 5; *id.* Ex. 1 (Doc. No. 4-1).

Next, Defendants point to Plaintiff's expert costs as increasing the amount in controversy by $10,000 to $15,000, but they offer no evidence for this proposition, and neither the Oklahoma nor the federal statute specifically provides for an award of such costs. Defs.' Resp. at 5, 6-7; Okla. Stat. tit. 12, § 942; 28 U.S.C. § 920.

Finally, Defendants contend, based on Defendant Shannon Goble's own testimony, that Plaintiff's attorney's fees will amount to $24,000 or more in this action. They assert that such fees are part of the amount in controversy because, "Plaintiff is setting up its case for statutory recovery under 12 O.S. § 936, which allows for recovery of attorney fees in a collection action based on a contract for services." Defs.' Resp. at 5; *see id.* Ex. 2 (Doc. No. 4-2); Okla. Stat. tit. 12, § 936 (allowing attorney's fees to the prevailing party "in any civil action to recover for labor or services rendered"). Plaintiff disputes that this is so, stating it "has no intention of trying to recover attorney fees pursuant to [section 936] or any other [statute]." Pl.'s Reply at 3.

The Court agrees with Plaintiff that no matter what amount Plaintiff may ultimately incur in attorney's fees, Defendants have not shown that such fees should be counted in determining whether jurisdiction existed at the time of removal. This Court has explained that attorney's fees are not included in calculating the amount in controversy unless "the

plaintiff has a right to them because it has claimed them under an applicable statute in its complaint." *Smith v. Brown*, No. CIV-17-631-R, 2017 WL 2964824, at *2 (W.D. Okla. July 12, 2017) (internal quotation marks omitted). Here, Plaintiff's Petition nominally prays for recovery of attorney's fees but does not cite to any specific statute, including section 936. *See* Pet. at 5 (prayer for "[j]udgment for Summa's attorney fees and costs incurred in prosecuting its claims"). Moreover, while the underlying judgments Plaintiff is seeking to enforce may have been "for labor or services rendered," the present lawsuit is seeking to enforce existing judgments and does not appear to fit within the scope of section 936. *See* Pet. at 2-5; *cf. Puckett v. Cornelson*, 897 P.2d 1154, 1157 (Okla. Civ. App. 1995) (holding that an action to recover on a corporate debt is equitable in nature and "find[ing] no authority authorizing an equitable award of attorney fees" absent egregious conduct).

## CONCLUSION

For the reasons set forth above, Defendants have not proven the relevant facts to show that greater than $75,000 is in controversy as to the Goble Defendants as required for diversity jurisdiction under 28 U.S.C. § 1332(a). The Court therefore:

(1) concludes that it lacks subject-matter jurisdiction over this matter and GRANTS Plaintiff's Motion to Remand (Doc. No. 2);

(2) finds that Defendants had an "objectively reasonable basis for seeking removal," *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), and, therefore, DENIES Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c);

(3) REMANDS this matter to the District Court for Grant County, Oklahoma; and

5

(4) DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 16th day of July, 2019.

_____
CHARLES B. GOODWIN
United States District Judge